■ COMMUNITY NATIONAL BANK AND TRUST COMPANY OF NEW YORK, Respondent, v DAVID W. BERNSTEIN et al., Appellants.—In an action in which plaintiff was awarded a money judgment against defendants in the Supreme Court, Richmond County, and in which an order was made requiring defendant Bernstein to appear for an examination as a judgment debtor, defendants appeal, as limited by their brief, from so much of an order of the same court, dated November 22, 1974, as, upon Bernstein's motion, fixed the rate and amount of interest upon the unpaid principal amount awarded plaintiff in the judgment (the third and fourth decretal paragraphs of the order). Order reversed insofar as appealed from, without costs, and motion remanded to Special Term to take proof as to the meaning of the stipulations, for the making of new findings as to said meaning and the intent of the parties, for recalculation of the amount due and owing plaintiff predicated upon such new findings, and for the making of an amended order based upon such new findings and such recalculation. Plaintiff obtained a judgment against defendants on June 5, 1973 in the amount of $58,459.55. Thereafter, a subpoena was served upon defendant Bernstein for his appearance for examination as to his assets. The examination was adjourned, and plaintiff agreed to forbear on collection, nine times, pursuant to written stipulations entered into between it and Bernstein. Each stipulation was accompanied by a partial payment. The first six stipulations, in pertinent part, acknowledged receipt of the amount paid by Bernstein and stated that that amount was to "be applied first to interest on the judgment entered * * * in the sum of $58,459.55 on June 5, 1973 (the 'Judgment') through date hereof," and next in reduction of principal. The last three stipulations were essentially the same, except that the phrase "at the rate of 8½% per annum" was added after the word "interest". Special Term construed the final (ninth) stipulation as requiring interest at 8½% from the date of judgment. In so doing, Special Term made no reference to the specific language of the stipulation relied upon and made no findings as to the intention of the parties. In our opinion, there was a serious question

raised whether the parties intended that the rate of 8½%, mentioned for the first time in the seventh stipulation (dated March 19, 1974), was to be applied retroactively to the date of entry of judgment, or whether the legal rate of 6% interest, applicable to unpaid judgments (CPLR 5004), was to govern for the period covered by the first six stipulations. These and any other questions involving the intent of the parties should be explored and resolved at a full hearing. Rabin, Acting P. J., Hopkins, Christ, Munder and Shapiro, JJ., concur.